**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**DEL RIO DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | Cause No.: DR12-CR-1357-AM-(2) |
| | § | |
| | § | |
| DAVID CALVILLO (2), | § | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S**
**MOTION TO WITHDRAW PLEA OF GUILTY**

TO THE HONORABLE ALIA MOSES, CHIEF UNITED STATES DISTRICT JUDGE:

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files with the Court the Government's response to Defendant's Motion to Withdraw his Plea of Guilty.

## I.     PROCEDURAL HISTORY:

On August 22, 2012, a Grand Jury returned a seven-count indictment against Defendant, David Calvillo, charging him with Conspiracy to Possess with Intent to Distribute Marijuana, Use of a Facility in Facilitating Commission of a Felony and Facilitating the Transportation, Concealment, or Sale of Goods Intended to be Smuggled into the United States in violation of 21 USC §§ 841 (a)(1)&(b)(1)(A) and 846, 843(b, and 18 USC § 554(a). A bench warrant for the arrest of Calvillo was issued the same day by the Honorable Collis White, United States Magistrate Judge. (ECF 6).

On March 2, 2020, the outstanding bench warrant for Calvillo was executed and he was taken into federal custody. (ECF 112). Also on March 2, 2020, Calvillo appeared before the Honorable Victor Roberto Garcia, United States Magistrate Judge, where he was appointed counsel, Jackson

Lindsey. (ECF 113). May 5, 2020, Calvillo was order held without bond by Judge Garcia. (ECF 118). On July 22, 2020, defense counsel, Jacques L. De La Mota entered an appearance on behalf of Defendant and substituted in as defense counsel. On May 18, 2021, Calvillo appeared before the Honorable Alia Moses, United States District Judge and plead guilty to Count One of the indictment, pursuant to a written plea agreement. (ECF 202). Calvillo's Presentence Investigation Report was completed on April 27, 2022. (ECF 213). Calvillo was set for sentencing on January 26, 2023. (ECF 212). On January 24, 2023, Calvillo filed a Motion to Withdraw his plea of guilty. (ECF 217).

## II.    LAW

Pursuant to Rule 11 of the Federal Rule of Criminal Procedure, "a defendant may withdraw a plea of guilty …" (1) before the court accepts the plea, for any reason or no reason; or (2) after the court accepts the plea, but before it imposes sentence if: (A) Defendant can show a fair and just reason for requesting the withdrawal." See Fed. R. Crim. Proc. Rule 11(d). In this case, Defendant pleaded guilty on May 18, 2021 and Defendant's plea was accepted the same day. Therefore, this case falls under the standard as imposed by Rule 11(2)(A).

In deciding if the Court should allow Defendant to withdraw his plea under Rule 11(2)(A), the court must consider the seven factors as laid out by the Circuit Court in Carr: (1) if there is an assertion of innocence; (2) if the Government would suffer prejudice if the motion is granted; (3) if there was a delay in filing the motion to withdraw; (4) if withdrawal would substantially inconvenience the court; (5) did the defendant receive close assistance of counsel; (6) was the original plea knowing and voluntary; and (7) would the withdrawal waste judicial resources. Fed. R. Crim. Proc., Rule 11, *See also*, *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984).

The Circuit further clarified that such factors are to be considered in a totality of the

circumstances, meaning that the Court need not make a finding as to each individual factor. *See, United States v. Powell*, 354 F.3d 362, 370 (5th Circ. 2003). For example, while an assertion of actual innocence is one of the factors, the Circuit has made clear that "a claim of innocence, by itself, [does not] justify withdrawal. *Carr*, 740 F.2d at 344. Likewise, the Circuit has found that withdrawal is not permitted even when there is no evidence of prejudice to the Government as "that fact alone does not 'mandate permission to withdraw a plea when… no credible reason [for withdrawal] is proffered.'" *Hurtado*, 846 F.2d at 997, *citing United States v. Rasmussen*, 642 F.2d 165, 168 n.6 (5th Cir. 1981).

The Circuit has further made clear that in cases where the defendant delays in filing a withdrawal motion, the longer the delay, the more substantial the reasons that must be proffered to support such a motion. *See Carr*, 740 F.2d at 344, *citing United States v. Barker*, 514 F.2d 208, 222 (D.C. Cir.). The Circuit in *Carr* stated that, the purpose of this factor is to allow a defendant to withdraw a plea that was made "unknowingly" and in "haste," not to "allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *Carr* 740 F.2d at 345, *citing Everett v. United States*, 336 F.2d 979, 984 (D.C. 1964).

Similarly, in *United States v. Harrison*, the Circuit reviewed a denial of a motion to withdraw, and denial of hearing on the motion, by a defendant who waited more than five weeks after he pled guilty, but before a presentence report had been prepared, to move to withdraw his plea of guilty. The defendant further asserted that he was actually innocent, and that due to external pressures, threat and intimidation, his plea was not knowing and voluntary. *See, Harrison*, 777 F.3d 227, 231 (5th Cir. 2015). As a showing of proof, defendant proffered statements from his co-defendant, as well as his sister, asserting his actual innocence. *Id* at 235-236. The Circuit affirmed the Trial

Court's ruling, denying both the motion to withdraw and the motion for hearing on the matter, holding that the Trial Court can rule on such factors based on motion alone, and that a hearing is required only "when the defendant alleges sufficient facts which, if proven, would justify relief [under *Carr*]." *Id.* at 235.

In *United States v. McKnight*, the Circuit discussed what exactly is meant by the fifth factor "close assistance of counsel" in the context of a defendant claiming he received ineffective assistance of counsel prior to entering his plea of guilty. *See, McKnight*, 570 F.3d 641, 646 (5th Cir. 2009). In that case, the Circuit made clear that the issue is not one of ineffectiveness of counsel but rather a fact intensive inquire into the actions taken by counsel in the case leading up to the defendant's plea that would show a close assistance of counsel to the defendant. *Id.* Specifically, in *Carr*, the court found that counsel had close assistance when he informed the defendant of potential representation conflicts, negotiated a favorable plea agreement, and questioned the defendant about his reliance on the advice of previously retained counsel regarding tax matters. See *Carr*, 740 F. 2d at 343.  The Court in *McKnight* found that a similar close assistance of counsel was present in that case.

Further, in *United States v. Benavides*, the Circuit made similar findings noting that the two counsels for the defendant in that case filed several pre-trial motions, filed several motions for continuance, negotiated a plea agreement, alerted the defendant and Court when a conflict arose, raised concerns with the presentence investigation report, engaged in discussions with the defendant regarding a motion to withdraw the guilty plea, and acted in accordance with the defendant's decisions in a timely manner. *See United States v. Benavides*, 793 F.2d 612 (5th Cir. 1986).

In *United States v. Hurtado*, the defendant made a specific allegation in requesting to withdraw

his plea that he was not afforded close assistance of counsel as the defense counsel pressured him to plead guilty by stating he was looking at a much longer sentence should he go to trial. *Hurtado*, 846 F.2d 995 (5th Cir. 1988).  The Court denied the defendant's motion finding first that the defendant's claim of innocence was not credible because it contradicted his earlier testimony and a letter to the court, and second that the original defense attorney had a reputation of integrity with the Court. *Id* at 997.

## III.    ARGUMENT

In applying the *Carr* factors in this case, the Court should deny Defendant's motion summarily without hearing. The totality of the circumstances marshals against such withdrawal, when viewed in light of the seven factors outlined in *Carr*.

### 1.  Defendant's claim of actual innocence.

On May 18, 2021, Defendant stood before this Court, under oath, and stated when questioned by the Government that after reviewing the document with his attorney, and understanding the document, he signed the document freely, voluntarily, and in agreement that the facts contained therein were true and correct.  Finally, after being explained his rights and the charges against him, Defendant was asked by the Court, as to count one of the indictment, Conspiracy to Possess with Intent to Distribute Marijuana, how Defendant wished to plea¸ for which he stated guilty. Defendant has yet to assert his innocence by any avenue and admitted guilt not only through the plea of guilty but also during his interview for the Presentence Investigation Report where he apologized for committing the offense and stated that he was young when he transported marijuana by using a boat across the lake and that he accepted full responsibility for his actions. (PSR ¶ 25.) With no claim of actual innocence assert by Defendant and multiple claims of guilt, this factor weighs heavily in favor of the Government.

**2. Government prejudice if withdrawal is allowed.**

Defendant was arrested on March 2, 2020, seven and a half years after being indicted. His plea then took place approximately fourteen months after his arrest.  As of the filing of this motion, the case will have been pending for over ten years. To argue that the Government is not prejudiced by the reinstitution of a case that was thought to have been completed by a plea negotiation nearly two years ago, is simply erroneous. As the Court is well aware, witnesses move, evidence must be located, and cases must be continually prepared when a trial may be announced. In this case, no such efforts to prepare for trial were continued once Defendant entered his guilty plea.  The prejudice against the Government is great considering the yearlong lapse in the preparatory efforts that take place in a case that may be headed to a trial posture that was post plea and pending sentencing.

**3. Defendant's delay in filing for withdrawal.**

Defendant's delay in filing his withdrawal motion is profound and done for the purposes of delay. As outlined in the procedural history, Defendant entered his plea of guilty twenty months prior to the filing of this motion and Defendant's PSR was completed nine months prior to the filing of this motion.  To allow Defendant to now withdraw his plea after first making a tactical decision to enter a plea, waiting until two days before sentencing and then requesting a withdrawal because he believes that he made a bad choice in pleading guilty, does not lend itself to fair or just reasoning.

**4. Substantial inconvenience to the Court.**

The Court is in the best position to determine the level of inconvenience that such a withdrawal would have on the system. However, for Defendant to argue that such inconvenience cannot exist is unreasonable. This case has obviously not been scheduled for a trial, as Defendant plead guilty.

Such plea took time. Specifically, a time slot during a plea allocution before the only sitting District Court Judge in the Del Rio Division, at that time, who was taking such felony drug pleas. A slot that could have been used by another defendant.

Further, the Court, should it allow Defendant to withdraw his plea of guilty, would also then be the court hearing Defendant's trial. A trial that would at least take two, at most three, days after the empaneling of a jury, which costs both time and money. Again, an inconvenience for the Court. As stated before, the Court is in the best position to determine the level of inconvenience that this will in fact cause, but the Government contends that Defendant's claim that there is no reason to suggest the Court would be inconvenience at all is entirely untrue.

### 5. Close Assistance of Counsel.

Defendant does not make any claims regarding the assistance of counsel. We know that Defendant reviewed his plea agreement, page by page, with initial counsel, as both his initials and initial counsel's initials appear at the bottom of each page. We know that at the time of his plea, he was questioned under oath by the Court as to whether he had sufficient time to fully discuss his case with his attorney, any possible defenses he may have to the charges, and his rights, to which he responded that he had. When questioned as to if he was satisfied with his attorney's representation, he again stated yes. Defendant explicitly stated that no one forced, threatened, or coerced him to enter him plea of guilty.

We know that counsel set up a rule 11 debrief with the Government on February 8, 2021.  (PSR ¶ 14.) At the May 18, 2021, presentence investigation report interview, Defendant's counsel was present. (PSR ¶ 24.)

This case is ripe with actual facts in evidence before the court that illustrate counsel's advocacy on behalf of his client and the close assistance of counsel, he received leading up to the time of his

plea, and up to his scheduled sentencing, which includes the filing of this motion. As such, there is no credible or reliable evidence that Defendant was denied close assistance of counsel in this case.

### 6.  Knowing and Voluntary Plea.

At the time of the plea, the court complied with Rule 11(b)(1), as Defendant was placed under oath and in open court was questioned as to all listed items in that section of the Federal Rules of Criminal Procedure.   After doing so, the Court inquired as to the voluntariness of Defendant's plea, if he had been threatened or coerced, and if he understood not only the charges against him, but his rights, and the waivers of those rights, prior to pleading. It was only after the advisement of these rights that Defendant actual entered a plea of guilty.

Once Defendant entered his plea of guilty though, the Court continued to question Defendant as to whether there was any force, threat, or coercion present that would make Defendant enter such a plea involuntarily. It was only at this time, after the Court was satisfied by Defendant's responses to the questions, that the Court accepted Defendant's plea and found that it was entered into freely and voluntarily.

Defendant has failed to provide any credible or reliable evidence to contradict the Court's finding at the time of Defendant's plea.

### 7.  Waste of Judicial Resources.

Allowing Defendant to withdraw his guilty plea in this case would be a waste of judicial resources. This case is over ten years old. It is in a sentencing posture, as Defendant entered a plea of guilty which was accepted by the court – a dispositive proceeding – nearly two years ago. It was during that dispositive proceeding that the court went through an entire colloquy regarding Defendant's charges, rights, waivers of those rights, possible sentencing ranges, voluntariness of

plea, and factual guilty as outlined by the plea agreement. To allow Defendant to now withdraw such a plea result in the waste of an entire plea hearing.

## IV.    CONCLUSION:

The United States, therefore, requests that Defendant's Motion to Withdraw his plea of guilty be denied, as Defendant has failed to establish by reliable evidence that there is a fair and just reason for its withdrawal. The Government therefore asks that Defendant's motion be denied in all respects.

Respectfully submitted,

JAIME ESPARZA
United States Attorney

/s/

By: _____

Larry W. Fadler
Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of February 2023, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System, sealed, and an electronic copy of such was sent to Defendant's attorney of record, Jacques L. De La Mota via email.

/s/

_____

Larry W. Fadler
Assistant United States Attorney